[No. G028568. Fourth Dist., Div. Three. June 25, 2002.]

NEW PLUMBING CONTRACTORS, INC., Plaintiff and Appellant, v. EDWARDS, SOOY & BYRON, Defendant and Respondent.

800

COUNSEL

Sanford A. Kassel; Law Offices of Robert H. Pourvali and Robert H. Pourvali for Plaintiff and Appellant.

Ropers, Majeski, Kohn & Bentley, Susan H. Handelman, Jeffrey S. Pollak and Gregory K. Storey for Defendant and Respondent.

OPINION

**BEDSWORTH, J.**—New Plumbing Contractors, Inc., appeals from summary judgment for the law firm of Edwards, Sooy & Byron in a professional negligence action. It argues there are triable issues of fact. We disagree, and so affirm.

New Plumbing provides plumbing services to developers and general contractors. Between 1985 and 1991, it carried comprehensive general liability insurance issued by Nationwide Mutual Insurance Company.[1] The policy contained a "consent clause" that gave Nationwide the right to settle claims against its insured: "[Nationwide] may at our discretion investigate any 'occurrence' and settle any claim or 'suit' that may result."

Nationwide provided the contractor with a defense in numerous construction defect cases.[2] In 1996, they hired the law firm of Edwards, Sooy & Byron (Edwards) to defend New Plumbing in a case the parties refer to as "Brown/Emery." On November 15, 1996, the contractor purchased insurance for the coming year (through Nov. 15, 1997) from a new insurer (Gerling) at a substantially higher premium and deductible than its prior coverage (with Fireman's Fund for the years 1994 to 1996). Then, on December 18, 1996, at the recommendation of Edwards, Nationwide and the other insurers involved agreed to settle the Brown/Emery matter for $130,000, of which Nationwide paid $48,750. The settlement was within the policy limits.

The instant action was commenced in April 1999. The record does not contain that pleading, but only a fourth amended complaint filed in 2000. There, New Plumbing set out causes of action for professional negligence and breach of fiduciary duty against Edwards.[3] The operative allegations in both are the same—Edwards did not notify the contractor of the settlement negotiations, and it failed to properly defend the action, ignoring valid defenses that would have absolved New Plumbing of any liability. As a result of the settlement, New Plumbing alleged it had to pay higher premiums, accept lower coverage and higher deductibles, and deal with financially weaker carriers to obtain insurance thereafter. Edwards moved for summary judgment on the ground that New Plumbing could not establish causation or damages, because the insurer had the absolute right to settle the case and there was no evidence that the contractor's increased premiums in 1997 were the result of the Brown/Emery settlement.

The trial court granted the motion on the theory that causation could not be shown. The judge reasoned that the insurer had the right to settle the case

---

[1] The facts are based on the pleadings, the parties' statements of undisputed facts, and the evidence submitted on the motion for summary judgment.

[2] Between 1990 and 2000, New Plumbing was a named cross-defendant in 88 lawsuits, and it was the subject of 314 claims that were not litigated. Nationwide participated in the defense of 76 of these actions (along with other insurers) and handled 250 of the nonlitigated claims.

[3] The fourth amended complaint also contained a cause of action against Nationwide for breach of the implied covenant of good faith and fair dealing, and a fraud claim against Edwards (for misrepresenting it did not have a conflict of interest). Neither is at issue on this appeal.

regardless of whether it was defensible, and without consulting its insured. He also noted that New Plumbing's president (Tom Price) signed the settlement agreement, although he later claimed to have done so only after being told by a claims adjuster that the court would sanction him if he failed to sign.

New Plumbing argues summary judgment was improper because there are triable issues concerning both duty and damages—whether Edwards breached its duty of care and fiduciary duty when it failed to defend the action or advise it of the settlement, and whether New Plumbing premiums went up as a result of the settlement. But this ignores the absence of causation, fatal to both claims.

Under a policy provision giving an insurance company discretion to settle as it sees fit, the insurer is "entitled to control settlement negotiations without interference from the insured," and generally, it has no liability to the insured for settling within the policy limits. (*Western Polymer Technology, Inc. v. Reliance Ins. Co.* (1995) 32 Cal.App.4th 14, 24 [38 Cal.Rptr.2d 78].) Thus, there is no cause of action where the insured claims the settlement injured its business reputation (*id.* at pp. 26-27), nor any where the insured claims the settlement unfairly used up its deductibles. (*New Hampshire Ins. Co. v. Ridout Roofing Co.* (1998) 68 Cal.App.4th 495, 504-505 [80 Cal.Rptr.2d 286].) While an insurer may be liable for bad faith for not diligently paying claims and then setting artificially high reserves to compensate, with the result the insured's premiums go up (*Security Officers Service, Inc. v. State Compensation Ins. Fund* (1993) 17 Cal.App.4th 887, 890-891, 898 [21 Cal.Rptr.2d 653]), here we have neither a claim of failure to settle promptly, nor one that reserves were improperly inflated.

Since Nationwide could settle without consulting New Plumbing and over its objection, counsel's recommendation of settlement was not a cause of any harm the contractor may have suffered. New Plumbing fails to cite any authority that an insured's lawyers can be held liable in these circumstances—indeed, it never addresses the right-to-settle issue. This fails to carry the appellant's burden of affirmatively demonstrating error. (*Jacques Interiors v. Petrak* (1987) 188 Cal.App.3d 1363, 1369 [234 Cal.Rptr. 44].)

Since causation was lacking as a matter of law, summary judgment for Edwards was proper. Accordingly, we need not consider whether New Plumbing offered sufficient evidence for a jury to find its premiums went up, nor its other arguments that a professional negligence action lies for misjudgment in recommending settlement and that its claims are not barred by the statute of limitations.

The judgment appealed from is affirmed. Respondent is entitled to costs on appeal.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.