**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>PORFIRIA YOCUPICIO, and on behalf of all others similarly situated,<br><i>Plaintiff-Appellant</i>,<br><br>v.<br><br>PAE GROUP, LLC; ARCH RESOURCES GROUP LLC,<br><i>Defendants-Appellees</i>.</td>
<td>No. 15-55878<br><br>D.C. No.<br>2:14-cv-08958-GW-JEM<br><br>OPINION</td>
</tr>
</table>

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
July 6, 2015—Pasadena, California

Filed July 30, 2015

Before: Ferdinand F. Fernandez and Richard R. Clifton,
Circuit Judges, and Kimberly J. Mueller,* District Judge.

Opinion by Judge Fernandez

---

* The Honorable Kimberly J. Mueller, District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

## SUMMARY[**]

### Class Action / Jurisdiction

The panel reversed the district court's denial of a plaintiff's motion to remand the action to state court after the case had been removed to federal court pursuant to the provisions of the Class Action Fairness Act of 2005, and remanded with instructions to remand the matter to the state court.

The panel held that where a plaintiff files an action containing class claims as well as non-class claims, and the class claims do not meet the CAFA amount-in-controversy requirement while the non-class claims, standing alone, do not meet diversity of citizenship jurisdiction requirements, the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount, and the CAFA diversity provisions cannot be invoked to give the district court jurisdiction over the non-class claims.

## COUNSEL

Thomas Stephen Campbell and Justin F. Marquez (argued), Rastegar Law Group, APC, Torrance, California, for Plaintiff-Appellant.

Michael E. Chase (argued) and Bruce Michael Timm, Boutin Jones Inc., Sacramento, California, for Defendants-Appellees.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

FERNANDEZ, Circuit Judge:

Porfiria Yocupicio appeals the district court's denial of her motion to remand this matter to the Superior Court of the State of California, County of Los Angeles ("Superior Court") after PAE Group, LLC, and Arch Resources Group, LLC (collectively, "Arch") removed[1] it pursuant to the provisions of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA"). The district court determined that it had diversity jurisdiction over the action because it was a class action that came within the CAFA provisions. *See* 28 U.S.C. § 1332(d).[2] We reverse and remand.

## BACKGROUND

Yocupicio filed this action against Arch in the Superior Court based upon allegations of numerous violations by Arch of the California Labor Code. *See, e.g.*, Cal. Lab. Code §§ 201 (timely pay), 226.7 (meal and rest periods), 512 (meal periods), 1194 (minimum wages). The complaint alleged ten causes of action, the first nine of which were brought as class claims on behalf of Yocupicio and "certain current and former employees" of Arch. The tenth cause of action, however, was not brought as a class claim; it was brought as a representative claim under the California Labor Code Private Attorneys General Act of 2004 (PAGA). Cal. Lab.

---

[1] *See* 28 U.S.C. §§ 1446, 1453(b).

[2] Unless otherwise stated, all references hereafter to section numbers are to sections of Title 28 of the United States Code.

Code §§ 2698–2699.5.   Based on the record, and on the presentations by the parties, we will assume for purposes of this opinion that, not including attorney's fees, the amount sought pursuant to the class claims was $1,654,874 and the amount sought pursuant to the PAGA claim was $3,247,950. We note that those amounts add up to $4,902,824, but, while the parties dispute the district court's estimate of the reasonable amount of attorney's fees sought, we will assume, without deciding, that addition of reasonable attorney's fees would cause the total recovery for the class claims and the PAGA claim to reach $5,000,001 at least.[3]  We will proceed on that basis.[4]

After the district court denied Yocupicio's motion, she petitioned for permission to appeal pursuant to § 1453(c)(1); we granted permission.

JURISDICTION AND STANDARDS OF REVIEW

We have jurisdiction pursuant to § 1453(c)(1).   The district court's jurisdiction was premised on 28 U.S.C. § 1332(d).  Whether it properly assumed jurisdiction is the subject of this appeal.

"'We review de novo a district court's denial of a motion to remand to state court for lack of federal subject matter

---

[3] *See Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S. Ct. 133, 134, 78 L. Ed. 267 (1933); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

[4] As it is, if the amounts of the class claims and the PAGA claim are not aggregated, the amount of the attorney's fees, if any, need not be considered.

jurisdiction.'" *Haw. ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (citation omitted). "We also review CAFA construction and applicability de novo." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010). We review the district court's factual findings for clear error. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) (per curiam).

## DISCUSSION

In any removal case, the first and overarching condition has been outlined by the Supreme Court, that is:

> As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The propriety of removal thus depends on whether the case originally could have been filed in federal court.

*City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163, 118 S. Ct. 523, 529, 139 L. Ed. 2d 525 (1997). As relevant here, that condition focuses on "CAFA [, which] gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, __, 135 S. Ct. 547, 552, 190 L. Ed. 2d 495 (2014); *see also Standard Fire Ins. Co. v. Knowles*, __ U.S. __, __, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013).

There is no dispute that causes of action one through nine are class claims, and that they would satisfy CAFA's numerosity and minimal diversity requirements. *See* § 1332(d)(2)(A)–(C), (d)(5)(B); *see also United Steel Workers*, 602 F.3d at 1090–91.**[5]** But those claims, taken singly or aggregated, do not meet the over $5,000,000 requirement. *See* § 1332(d)(2). The tenth cause of action, the PAGA claim, was not brought as a class claim; it was brought as a representative claim**[6]** and cannot be deemed to be a class claim.**[7]**

The district court, however, considered both the amounts asked for in the class claims and the amount asked for in the PAGA claim when it decided that the CAFA $5,000,000 threshold was exceeded. In so doing, it determined that the plain language of CAFA so required, even though CAFA's focus is on class action questions. We disagree.

---

**[5]** The parties concede as much, and we agree. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

**[6]** No doubt all class claims are representative in nature. However, not all representative claims are class claims; to say that they are would be a logical fallacy. *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011).

**[7]** *See Louie*, 761 F.3d at 1040–41; *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121, 1124 (9th Cir.), *cert. denied*, __ U.S. __, 135 S. Ct. 870, 190 L. Ed. 2d 702 (2014); *Arias v. Super. Ct.*, 46 Cal. 4th 969, 981, 985, 209 P.3d 923, 930, 933, 95 Cal. Rptr. 3d 588, 596, 599–600 (2009). Indeed, the fact that Yocupicio expressly did not seek class status for that claim is "fatal to CAFA jurisdiction" over it. *Louie*, 761 F.3d at 1040. Moreover, the parties do not assert that there would be diversity of citizenship jurisdiction over the PAGA claim. *See* § 1332(a), (c); *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122–23 (9th Cir. 2013).

We do, of course, agree that:

> As always, our starting point is the plain
> language of the statute.  "[W]e examine not
> only the specific provision at issue, but also
> the structure of the statute as a whole,
> including its object and policy."  If the plain
> meaning of the statute is unambiguous, that
> meaning is controlling and we need not
> examine legislative history as an aid to
> interpretation unless "the legislative history
> clearly indicates that Congress meant
> something other than what it said."

*Chimei*, 659 F.3d at 847–48 (internal citations omitted).  But
when we apply that standard, we reach a conclusion quite the
opposite of that reached by the district court.

The language of the statute shows that in enacting CAFA,
Congress was focused on class actions rather than on all
representative actions or on cases where a class claim was
only a part, perhaps a small part, of a civil action.  As the
Supreme Court has pointed out, "Congress enacted [CAFA]
to facilitate adjudication of certain class actions in federal
court." *Dart*, __ U.S. at __, 135 S. Ct. at 554.  And "CAFA's
primary objective . . . [is to ensure] 'Federal court
consideration of interstate cases of national importance.'"
*Standard Fire Ins.*, __ U.S. at __, 133 S. Ct. at 1350 (citation
omitted).  That does not suggest that every case with a class
claim can be brought in federal court.  The language of the
statute indicates as much.  It states that "district courts shall
have original jurisdiction of any civil action in which the
matter in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs, and is a class action." § 1332(d)(2).

Moreover, it states that a "'class action'" is "any civil action filed under" class action rules "as a class action." § 1332(d)(1)(B). Notably, it does not state or suggest that the mere presence of even a relatively minor class claim in an action will suffice for federal diversity jurisdiction purposes. The same is true of the concept of aggregation, where "the claims of the individual class members" are to be aggregated in determining the amount in controversy,[8] but class members are those "who fall within the definition of the proposed or certified class in a class action."[9] Again, the focus is on class actions and on claims of individuals as members of the class.[10] The provisions do not speak to claims that are not part of the class action itself; there appears to be no reason to include those large or small claims in the threshold calculations. Congress showed no intent to have actions with insufficiently large class components heard in the federal courts, and filing them in or removing them to the federal courts would not comport with the language or purpose of CAFA.

For example, suppose a California plaintiff brought a class claim against a California defendant that had

---

[8] § 1332(d)(6).

[9] § 1332(d)(1)(D).

[10] The provisions did solve aggregation problems regarding jurisdiction over class claims, themselves, but did not purport to do more. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 550–52, 572, 125 S. Ct. 2611, 2616, 2628, 162 L. Ed. 2d 502 (2005) (referring to the state of the law before CAFA and to CAFA's limited reach).

misrepresented its product to have a somewhat higher quality rating than it had, and a separate individual claim because the product had allegedly failed in a situation affecting the plaintiff and caused him to incur very substantial damages. Suppose, also, that the amount of the false representation claim[11] came to a total value of $100,000 for all class members, but the alleged damage to the individual plaintiff due to the product failure[12] came to $5,000,000. Is it plausible to believe that in enacting CAFA, Congress intended to vest jurisdiction over that controversy in the federal courts? We are satisfied that the answer is no, but that is what Arch's reading of the statute would require.

We recognize that a district court need not always eschew taking supplemental jurisdiction of claims over which it would not otherwise have jurisdiction. *See, e.g.*, § 1367; *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 930, 933–34 (8th Cir. 2013). In *Allapattah Servs., Inc.*, 545 U.S. at 558, 125 S. Ct. at 2620, the Court was faced with the question of whether a district court had jurisdiction over a case where some plaintiffs' claims satisfied the amount in controversy requirement, but others did not. The Court held:

> When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the

---

[11] *See, e.g.*, Cal. Bus. & Prof. Code §§ 17200, 17500.

[12] A typical product liability tort claim.

district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint. Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action.

*Id.* at 559, 125 S. Ct. at 2620–21. The lynchpin in that holding was that the court did have jurisdiction over one of the claims. Here, however, the district court would not have had jurisdiction over any of the claims. It would not have had jurisdiction over the class claims because taken together they did not exceed the $5,000,000 threshold; it would not have had jurisdiction over the PAGA claim because of a lack of complete diversity. But Arch would have us find jurisdiction over the class claims by using the amounts sought in the PAGA claim, and, we suppose, have us find jurisdiction over the PAGA claim because the court would have jurisdiction over the class claims. While that argument is Daedalian, we find no basis in statutory or case law to support it.[13]

---

[13] Yocupicio raises other issues challenging the mathematics of jurisdiction: calculation of the amount of the PAGA claim and the amount of attorney's fees that should be added. However, in light of our decision on this issue, we need not and do not consider the other issues.

CONCLUSION

Where a plaintiff files an action containing class claims as well as non-class claims, and the class claims do not meet the CAFA amount-in-controversy requirement while the non-class claims, standing alone, do not meet diversity of citizenship jurisdiction requirements, the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount, and the CAFA diversity provisions cannot be invoked to give the district court jurisdiction over the non-class claims.  The district court should have granted Yocupicio's motion to remand.  Thus, we reverse and remand to the district court with directions to remand this matter to the Superior Court.

**REVERSED and REMANDED.**  Costs on appeal are awarded to Yocupicio.