**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL CHAVEZ, as an individual and on behalf of all others similarly situated,

        Plaintiff - Appellant,

 v.

TIME WARNER CABLE ENTERPRISES LLC; TIME WARNER ENTERTAINMENT COMPANY, LP; TIME WARNER CABLE SHARED SERVICES,

        Defendants - Appellees.

No. 13-56017

D.C. No. 2:12-cv-05291-RGK-RZ

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 3, 2015**
Pasadena, California

Before: O'SCANNLAIN, TROTT, and BYBEE, Circuit Judges.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Michael Chavez timely appeals from an order of the district court granting summary judgement in favor of Defendants-Appellees Time Warner Cable LLC, Time Warner Entertainment Company, and Time Warner Shared Services (collectively, "TWC"). In January 2011, Chavez filed a class action complaint against TWC in California state court, alleging violations of California labor law. In May 2012, after satisfying state administrative exhaustion requirements, Chavez amended his complaint to include penalties under California's Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2699(a), 2699.3. TWC removed to federal court, where the district court found jurisdiction under the Class Action Fairness Act ("CAFA") based on the additional claims for PAGA penalties. TWC calculated the required $5,000,000 amount in controversy by determining the number of allegedly aggrieved employees and then determining the penalties that each individual would be awarded for the PAGA claim. In total, this amounted to over $5.5 million, and the district court concluded that TWC had satisfied its burden of proving the jurisdictional amount.

On appeal, after the initial briefing in this case was completed, the panel ordered supplemental briefing to determine whether federal jurisdiction was proper in light of intervening Ninth Circuit precedent prohibiting the aggregation of

PAGA penalties to satisfy federal jurisdictional amounts. *See Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057 (9th Cir. 2015) (PAGA claims cannot be aggregated with class claims to satisfy the jurisdictional amount required under CAFA); *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118 (9th Cir. 2013) (PAGA recoveries sought on behalf of non-party aggrieved employees may not be aggregated to meet the $75,000 amount-in-controversy requirement for diversity actions under 28 U.S.C. § 1332(a)); *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014) (PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA). In its supplemental brief, TWC concedes that *Yocupicio* and *Baumann* preclude the method the district court relied on to calculate the jurisdictional amount, and thus preclude CAFA as a basis for removal jurisdiction. We agree that the district court's finding of CAFA jurisdiction was improper in light of these cases. *See Yocupicio*, 795 F.3d at 1062; *Baumann*, 747 F.3d at 1122.

TWC argues, however, that diversity jurisdiction also exists under 28 U.S.C. § 1332(a). Although TWC raised the argument that diversity jurisdiction existed in its Notice of Removal before the district court, the district court never reached this issue because it found that jurisdiction was proper under CAFA. We decline to resolve in the first instance the legal and factual issues presented by this argument,

including whether the one-year limitations period bars removal. There also appears to be a question, not raised by the parties, as to which version of the removal statute properly governs this case, and whether an equitable tolling exception existed under the previous version. *Compare* 28 U.S.C. § 1446(c)(1) *with* former 28 U.S.C. § 1446(b) (2011); *see also* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 105, 125 Stat. 758, 762 (2011) (providing the effective date of the current removal statute).

We therefore vacate the district court's order granting summary judgment in favor of TWC, and remand to the district court to determine whether diversity jurisdiction is present. The parties shall bear their own costs on appeal.

VACATED AND REMANDED.