**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIMITRITZA TOROMANOVA, | No. 13-16286 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01637-LRH-CWH |
| v. | |
| WELLS FARGO BANK, NA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted: November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Dimitritza Toromanova appeals pro se from the district court's judgment dismissing her diversity action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order denying her motion to remand for lack of subject matter jurisdiction, *Yocupicio v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015), and we affirm.

The district court properly denied Toromanova's motion to remand because it correctly determined that Tiffany Labo – the only non-diverse defendant – was fraudulently joined to defeat diversity jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("Although an action may be removed to federal court only where there is complete diversity of citizenship, 'one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined.'" (citations and internal quotation marks omitted)); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." (citation and internal quotation marks omitted)). Labo does not "have or claim any interest which would be affected" by the declaratory judgment sought by plaintiff. Nev. Rev. Stat. § 30.130.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED**.