NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 09 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEN EDWARD ST. JULIEN, | No. 14-56108 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-02410-FMO-MRW |
| v. | |
| BANK OF AMERICA, N.A., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted June 10, 2016[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges and SEEBORG,[***] District Judge.

Appellant Allen Edward St. Julien (St. Julien) challenges the district court's

dismissal of his complaint as barred by the one-year statute of limitations provided

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Seeborg, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

by California Code of Civil Procedure § 366.3. St. Julien alleged that Appellee Bank of America, N.A. (BOA) violated an agreement between Evelyn H. Wiltz and BOA designating St. Julien as a beneficiary of three bank accounts after Wiltz's death. Relying on the statute's legislative history, St. Julien maintains that § 366.3 is inapplicable because the decedent's agreement was with BOA and not with St. Julien. St. Julien also posits that alternative statutes of limitations for actions involving written instruments, book accounts, and liability established by statute apply.

St. Julien's reliance on legislative history is misplaced because this issue may be resolved through application of the plain language of the statute. *See Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1060 (9th Cir. 2015) ("If the plain meaning of the statute is unambiguous, that meaning is controlling and we need not examine legislative history as an aid to interpretation . . .") (citation omitted). Section 366.3 unambiguously provides that "[i]f a person has a claim that arises from *a* promise or agreement *with a decedent* to distribution from an estate or trust," the action must be brought "within one year after the date of death . . ." Cal. Code Civ. P. § 366.3(a) (emphasis added). The plain language of the statute encompasses claims that "arise from" "*a* promise or agreement with the decedent."

2

*Id.* The statute does not limit the parties to the promise or agreement, and makes no distinction between inchoate promises and completed promises.

California courts have uniformly interpreted the term "arises from" broadly. *See Fibreboard Corp. v. Hartford Accident & Indem. Co.*, 16 Cal. App. 4th 492, 504 (1993) (explaining that California courts broadly interpret the term "arises from" to mean "originating from, having its origin in, growing out of or flowing from or in short, incident to, or having connection with") (citation, alteration, and internal quotation marks omitted). In keeping with that broad interpretation, California courts have consistently held that § 366.3 "reach[es] any action predicated upon the decedent's agreement to distribute estate or trust property in a specified manner." *In re Estate of Ziegler*, 187 Cal. App. 4th 1357, 1365 (2010) (citation omitted); *see also Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 555 (2008) (explaining that "the statute applies to *all* actions predicated on a decedent's promise to make specified distributions upon his death") (citation omitted) (emphasis in the original).[1]

---

[1] St. Julien's reliance on *Maxwell-Jolly v. Martin*, 198 Cal. App. 4th 347 (2011) is also misplaced. Because *Maxwell-Jolly* is largely premised on statutorily mandated reimbursements, as opposed to an express promise from the decedent, it does not control the present appeal. *See id.* at 357-59.

The alternative statutes of limitations relied on by St. Julien do not control his claims premised on the decedent's agreement or promise to distribute the accounts to him. *See Ziegler*, 187 Cal. App. 4th at 1365. Importantly, § 366.3 expressly displaces any other applicable statute of limitations. *See* Cal. Code Civ. P. § 366.3(a) (providing that "the limitations period that would have been applicable does not apply").

**AFFIRMED.**

*Allen Edward St. Julien v. Bank of America, N.A.*, No. 14-56108

BEA, Circuit Judge, dissenting:

In this diversity action, Allen Edward St. Julien appeals from the district court's dismissal of his complaint pursuant to FRCP 12(b)(6). We review the court's decision de novo. We accept as true St. Julien's allegations of material fact and construe them in the light most favorable to him. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

For our purposes, the following material allegations are true. Evelyn Wiltz opened certain accounts with defendant Bank of America. The bank held Wiltz's funds in Totten Trust accounts. A Totten Trust account is a type of nonprobate transfer. *Allen v. First Presbyterian Church of Ironwood*, 12 Cal. App. 4th 1762, 1766 (1993). A Totten Trust account "basically allows a decedent to make a testamentary disposition of cash assets without going through the formalities of drawing up a will." *Id.* Funds held in a Totten Trust account are not included in a decedent's estate for the purposes of either intestate succession or distribution by will. *Id.* at 1767. Instead, the funds belong to the named beneficiary on the account immediately upon the decedent's death. *Id.* Wiltz informed Bank of America that St. Julien was the beneficiary of her Totten Trust accounts.[1]

---

[1] St. Julien alleges, alternatively, that Wiltz designated St. Julien as the pay-on-death ("P.O.D.") beneficiary of her accounts with Bank of America. The same

Wiltz died on May 4, 2012. St. Julien presented Bank of America with Wiltz's death certificate and demanded the sums remaining in the accounts. The bank refused to pay him. St. Julien commenced this lawsuit against the bank on February 26, 2014. He seeks payment of sums held sin the accounts, declaratory relief, an accounting, and damages for the bank's breach of its contract with Wiltz.

The district court concluded that St. Julien's claims are barred by the one-year statute of limitations set forth in California Code of Civil Procedure section 366.3(a). The statute of limitations bars claims brought more than one year after the death of a decedent. However, it applies to a claim only if that claim "arises from a promise or agreement with a decedent to distribution from an estate or trust." *Id.* Here, St. Julien's claims are premised on Wiltz's deposit agreements with Bank of America. His claims are not premised on a promise by Wiltz to a distribution from her estate. Thus, by its terms, section 366.3(a) does not apply to St. Julien's claims.

This conclusion is consistent with California cases discussing the applicability of section 366.3. Cases applying section 366.3 involve promises made by a decedent to award an individual an asset or a sum of money from the

---

analysis applies regardless of whether Wiltz designated St. Julien as a P.O.D. beneficiary or as a Totten Trust account beneficiary.

2

decedent's estate. *E.g.*, *McMackin v. Ehrheart*, 194 Cal. App. 4th 128, 135 (2011) (applying section 366.3 to a lawsuit premised on a decedent's promise to leave a life estate in a shared home to a cohabitant); *Estate of Ziegler*, 187 Cal. App. 4th 1357, 1360-61 (2010) (applying section 366.3 to a lawsuit premised on a decedent's promise to leave his house to his neighbors); *Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 514-18, 555 (2008) (applying section 366.3 to a lawsuit premised on a decedent's promise to leave a portion of her estate to two stepdaughters). Not a single California court has applied section 366.3 to a cause of action not premised on a decedent's promise to make a distribution of some sort.

Bank of America argues that section 366.3 applies here because the *Ferraro* court held that the statute "reach[es] any action predicated upon the decedent's agreement to distribute estate or trust property in a specified manner." *Ferraro*, 161 Cal. App. 4th at 555. However, as the same court noted in the same paragraph, the statute applies to actions "predicated on a decedent's promise to make specified distributions upon his death." *Id.* This is not such an action. St. Julien's action is not predicated on promises made by Wiltz to distributions upon her death. The action is predicated on the terms of her deposit agreement with Bank of America, and her designation of St. Julien as the beneficiary of her Totten Trust accounts pursuant to that agreement. Wiltz's agreement with Bank of America is plainly not

3

within the scope of section 366.3(a) because she did not promise the bank (or anyone else) that she would make a distribution from her estate.

For these reasons, I would hold that the district court erred when it held that section 366.3(a) applied to St. Julien's claims. I would reverse the court's dismissal of his complaint and remand for further proceedings.