MEMORANDUM ***
Appellant Allen Edward St. Julien (St. Julien) challenges the district court’s dismissal of his complaint as barred by the one-year statute of limitations provided by California Code of Civil Procedure § 366.3. St. Julien alleged that Appellee Bank of America, N.A. (BOA) violated an agreement between Evelyn H. Wiltz and BOA designating St. Julien as a beneficiary of three bank accounts after Wiltz’s death. Relying on the statute’s legislative history, St. Julien maintains that § 366.3 is inapplicable because the decedent’s agreement was with BOA and not with St. Julien. St. Julien also posits that alternative statutes of limitations for actions involving written instruments, book accounts, and liability established by statute apply.
St. Julien’s reliance on legislative history is misplaced because this issue may be resolved through application of the plain language of the statute. See Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1060 (9th Cir. 2015) (“If the plain meaning of the statute is unambiguous, that meaning is controlling and we need not examine legislative history as an aid to interpretation ... ”) (citation omitted). Section 366.3 unambiguously provides that “[i]f a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust,” the action must bé brought “within one year after the date of death ...” Cal. Code Civ. P. § 366.3(a) (emphasis added). The plain language of the statute encompasses claims that “arise from” “a promise or agreement with the decedent.” Id. Thé statute does not limit the parties to the promise or agreement, and makes no distinction between inchoate promises and completed promises.
California courts have uniformly interpreted the term “arises from” broadly. See Fibreboard Corp. v. Hartford Accident & Indem. Co., 16 Cal.App.4th 492, 504, 20 *759 Cal.Rptr.2d 376 (1993) (explaining that California courts broadly interpret the term “arises from” to mean “originating from, having its origin in, growing out of or flowing from or in short, incident to, or having connection with”) (citation, alteration, and internal quotation marks omitted). In keeping with that broad interpretation, California courts have consistently held that § 366.3 “reach[es] any action predicated upon the decedent’s agreement to distribute estate or trust property in a specified manner.” In re Estate of Ziegler, 187 Cal.App.4th 1357, 1365, 114 Cal.Rptr.3d 863 (2010) (citation omitted); see also Ferraro v. Camarlinghi, 161 Cal.App.4th 509, 555, 75 Cal.Rptr.3d 19 (2008) (explaining that “the statute applies to all actions predicated on a decedent’s promise to make specified distributions upon his death”) (citation omitted) (emphasis in the original).[1]
The alternative statutes of limitations relied on by St. Julien do not control his claims premised on the decedent’s agreement or promise to distribute the accounts to him. See Ziegler, 187 Cal.App.4th at 1365, 114 Cal.Rptr.3d 863. Importantly, § 366.3 expressly displaces any other applicable statute of limitations. See Cal. Code Civ. P. § 366.3(a) (providing that “the limitations period that would have been applicable does not apply”).
AFFIRMED.

 xhls disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. St. Julien’s reliance on Maxwell-Jolly v. Martin, 198 Cal.App.4th 347, 129 Cal.Rptr.3d 278 (2011) is also misplaced. Because Maxwell-Jolly is largely premised on statutorily mandated reimbursements, as opposed to an express promise from the decedent, it does not control the present appeal. See id. at 357-59, 129 Cal.Rptr.3d 278.