NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN D. MONTGOMERY; DAVID J. MONTGOMERY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC; et al., <br><br> Defendants-Appellees. | No. 18-56453 <br><br> D.C. No. 5:18-cv-01257-PSG-KK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 11, 2019[**]

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

Karen D. Montgomery and David J. Montgomery appeal pro se from the

district court's judgment dismissing their diversity action alleging state law claims.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court's dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017), and denial of a motion to remand to state court for lack of federal subject matter jurisdiction, *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015). We affirm.

The district court properly denied plaintiffs' motion to remand because the parties were diverse and the amount-in-controversy requirement was met. *See* 28 U.S.C. § 1332 (providing requirements for diversity jurisdiction); 28 U.S.C. § 1348 (for diversity purposes, a national bank is a citizen of a state where it is located); *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 952 (2006) (national bank is located for purposes of diversity jurisdiction where it has its main office); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company is a citizen of every state of which its owners/members are citizens).

The district court properly dismissed plaintiffs' claim under the Rosenthal Act because it was barred by the doctrine of claim preclusion. *See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (elements of claim preclusion under California law); *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 884 (9th Cir. 2007) (in diversity cases where only substantive state law is at issue "we apply the preclusion law that the [state court which issued the first judgment] would apply").

18-56453

The district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss these claims. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, plaintiff "effectively abandoned" the claim).

The district court did not abuse its discretion by denying plaintiffs' motion for reconsideration because plaintiffs failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

**AFFIRMED.**

18-56453