NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK KLEINSASSER, individually and as the representative of all persons similarly situated,

             Plaintiff-Appellant,

  v.

PROGRESSIVE DIRECT INSURANCE COMPANY; PROGRESSIVE MAX INSURANCE COMPANY,

             Defendants-Appellees.

No.   21-35351

D.C. No. 3:17-cv-05499-BHS

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 9, 2022
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Mark Kleinsasser appeals from the district court's judgment in favor of

Progressive Direct Insurance Company and Progressive Max Insurance Company

(collectively, "Progressive").  Specifically, Kleinsasser argues that the district court

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

erred in making the following three rulings: (1) the court had jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"); (2) Progressive was entitled to summary judgment on Kleinsasser's individual claim because Kleinsasser made a material misrepresentation, voiding coverage under his insurance policy; and (3) Kleinsasser was not entitled to class certification on his claims. We review de novo both a denial of a motion to remand for lack of subject matter jurisdiction and a grant of summary judgment and review factual findings for clear error. *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015); *Salisbury v. City of Santa Monica*, 998 F.3d 852, 857 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court acted appropriately when it looked at evidence beyond Progressive's notice of removal and found jurisdiction under CAFA. When a party challenges removal based on the failure to meet the amount-in-controversy requirement, both parties submit evidence that may include "affidavits or declarations, or other summary-judgment-type evidence," and the court decides whether the party seeking removal has shown by a preponderance of the evidence that the requirement has been met. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195, 1197 (9th Cir. 2015) (simplified). Here, because the inquiry was intricate and involved battling experts, it was appropriate for the district court to order an evidentiary hearing on the amount in controversy. The district court also

meticulously analyzed the scope of the class and the evidence presented to reasonably determine that the amount-in-controversy requirement was met.

For CAFA jurisdiction, 28 U.S.C. § 1332(d)(2) requires that the matter in controversy exceeds $5,000,000, and the court did not clearly err in finding that the requirement was met here. The court concluded that based on testimony about the number of claims in the class and those that should be excluded, the potential class size was 3,307. And after evaluating all the evidence and rejecting Siskin's regression model as outdated and flawed, the court reasonably concluded that Progressive submitted the best and most reliable evidence and that the average claim value should be $4,198.25. Because the potential number of claims times the average claim amount equaled $13,883,612.75, the court did not err in finding subject matter jurisdiction.

2.    The district court properly granted summary judgment in Progressive's favor on Kleinsasser's individual claim. It correctly rejected Kleinsasser's argument that the policy's misrepresentation provision applied only to misrepresentations made during the claims process and not to those made during litigation. An average insurance purchaser would not interpret the policy's language of "claim or lawsuit" to have two distinct meanings—that language is appropriately seen as Progressive's attempt to take a broad, belt-and-suspenders approach to drafting its contract. *See Weyerhaeuser Co. v. Com. Union Ins. Co.*, 142 Wash. 2d 654, 666 (2001) (as

3

amended) (explaining that under Washington law, a court should interpret an insurance contract from the perspective of "the average person purchasing insurance" (simplified)).  Indeed, if accepted, Kleinsasser's interpretation would be the type of "strained or forced construction" that Washington courts disfavor.  *See Washington Pub. Util. Dists.' Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam Cnty.*, 112 Wash. 2d 1, 11 (1989) (en banc).  The district court thus did not err in ruling that the provision applied to Kleinsasser's conduct occurring during litigation.

The court also properly ruled that Kleinsasser made a material misrepresentation as a matter of law when he provided Progressive with the Fugate Ford letter.  Progressive met the three elements necessary to establish a material misrepresentation defense under Washington law: (1) falsity, (2) materiality, and (3) intent.  *Ki Sin Kim v. Allstate Ins. Co.*, 153 Wash. App. 339, 354–56 (2009).  McNeil testified that the Fugate Ford letter was false, and Kleinsasser's testimony shows he knew that the substance of the letter was false when he submitted it to Progressive.  That knowledge creates a presumption of intent to deceive, and Kleinsasser did not rebut that presumption by credible evidence of good faith.  *See id.* at 355–56.  Finally, the intentional misrepresentation was material because it could have affected Progressive's assessment of the diminished value of Kleinsasser's truck.  *See Allstate Ins. Co. v. Huston*, 123 Wash. App. 530, 539 (2004) (explaining that to establish materiality, the insurer only needs to show that "when made, [the

4

misrepresentation] *could have* affected the insurer's investigation"); *see also Ki Sin Kim*, 153 Wash. App. at 354–55 (explaining that a misrepresentation is material if "it involves a fact that is relevant to a claim or the investigation of a claim" and the insurer "would attach importance to the fact misrepresented" (simplified)). Summary judgment in favor of Progressive was thus appropriate.

3.    Because Kleinsasser's claim fails as a matter of law, the class certification issue is moot. *See Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1085 (9th Cir. 2016) (holding that there is no need to address a class certification question when summary judgment is granted on the named plaintiff's claim).

**AFFIRMED.**