**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLA W. HORN, | No. 20-17067 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00212-JAM-CKD |
| v. | |
| EXPERIS US INC., a Manpower Brand Company, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Ella W. Horn appeals pro se from the district court's judgment dismissing

her employment action alleging violations of Title VII and California law.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

Federal Rule of Civil Procedure 12(c).  *Lyon v. Chase Bank USA, N.A.*, 656 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

877, 883 (9th Cir. 2011).  We affirm.

The district court properly dismissed Horn's action because Horn's claims were raised or could have been raised in a previous action between the parties that resulted in a final adjudication on the merits.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (setting forth elements of claim preclusion under federal law and explaining that an identity of claims exists between the first and second adjudications when the two suits arise out of the same transactional nucleus of facts).

The district court properly denied Horn's motion for remand to state court because defendant timely removed the action and the district court had subject matter jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1332(a) (setting forth requirements for diversity jurisdiction); 28 U.S.C. § 1446(b)(1) (explaining that notice of removal must be filed within 30 days of defendant's receipt, through service or otherwise, of a copy of the initial pleading); Cal. Civ. Proc. Code § 415.30 (setting forth procedure and requirements for service of process by mail); *see also Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015) (setting forth standard of review).

The district court did not abuse its discretion by denying Horn's motion for production of court transcripts at government expense because Horn failed to establish that the appeal presents a substantial question.  *See* 28 U.S.C. § 753(f);

2                                                                                    20-17067

*McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991), *vacated on other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991) (setting forth standard of review and noting that relief under § 753 is permissive).

We reject as without merit Horn's contentions that (1) the district court's denial of her motions to proceed in forma pauperis on appeal were not mooted by this court's grant of her motion to proceed in forma pauperis, and (2) the district court was biased against her.

To the extent Horn seeks relief related to the public filing of her personal or financial information on the district court docket, the request is denied without prejudice to filing a motion for appropriate relief in the district court.

We do not consider Horn's contentions regarding her prior appeal, No. 19-17396.

**AFFIRMED.**