**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALDINE TRICE, | No. 21-16422 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02139-KJD-NJK |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Geraldine Trice appeals pro se from the district court's judgment dismissing

her diversity action alleging state law claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil

Procedure 12(b)(6). *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

889 (9th Cir. 2021). We affirm.

The district court properly dismissed Trice's breach of contract claim as barred by her insurance contract's one-year limitation period. *See Clark v. Truck Ins. Exch.*, 598 P.2d 628, 629-30 (Nev. 1979) (explaining that the twelve-month limitation period starts to run no later than when the insurer formally denies liability).

The district court did not abuse its discretion in denying Trice's motion for reconsideration because Trice set forth no valid grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59 and 60).

The district court properly denied Trice's motion to remand the case to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(a) (setting forth requirements for diversity jurisdiction); *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059 (9th Cir. 2015) (setting forth standard of review); *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) ("A claim in excess of the requisite amount, made in good faith in the complaint, satisfies the jurisdictional requirement.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including Trice's contentions regarding the district court's

dismissal of her good faith and fair dealing and Nevada statutory claims. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

We reject as meritless Trice's contentions that jurisdiction was "divested" under 12 U.S.C. § 1821(d) of the Financial Institutions Reform, Recovery, and Enforcement Act; that the district court's dismissal violated 42 U.S.C. § 1981; and that the district court's decision was based on fraud, constituted an obstruction of justice, violated due process, violated the right to trial, or impermissibly relied on hearsay.

**AFFIRMED.**