**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHIWEI CHEN, | No. 25-50 |
| Plaintiff - Appellant, | D.C. No. 2:24-cv-05239-JFW-E |
| v. | MEMORANDUM* |
| ALLSTATE NORTHBROOK INDEMNITY COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted April 22, 2026**

Before:   LEE, DESAI, and JOHNSTONE, Circuit Judges.

Zhiwei Chen appeals pro se from the district court's judgment on the

pleadings dismissing his diversity action alleging state law claims arising from an

automobile accident. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (dismissal under Fed. R. Civ. P. 12(c)); *Yocupicio v. PAE Grp., LLC,* 795 F.3d 1057, 1059 (9th Cir. 2015) (denial of a motion to remand). We affirm.

The district court properly denied Chen's motion to remand the action to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. §§ 1332(a) (setting forth requirements for diversity jurisdiction), 1332(c)(1) (a corporation is deemed to be a citizen of its state of incorporation and where it has its principal place of business), 1446(c)(2) (for removal under diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"), 1447(c) (a motion to remand for procedural defects must be made within 30 days).

The district court properly granted judgment on the pleadings because the relevant insurance policy granted defendant the authority to settle any claim or suit. *See New Plumbing Contractors, Inc. v. Edwards, Sooy & Byron*, 121 Cal. Rptr. 2d 472, 474 (Ct. App. 2002) (stating that where a policy provides discretion to settle claims, "generally, [the insurance company] has no liability to the insured for settling within the policy limits"); *see also Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Ct. App. 1990) (stating that to establish breach of the duty of good faith and fair dealing, plaintiff must establish that benefits were withheld unreasonably or without proper cause).

25-50

We reject as unsupported by the record Chen's contention that the district court abused its power.

**AFFIRMED.**